MEMORANDUM **
Medhanie Tecle Ghebresillasie, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals’ order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Nagoulko v. INS, 333 F.3d 1012, 1015 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review petitioner’s contention that he qualifies for humanitarian asylum because he failed to exhaust this claim before the agency. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
We also lack jurisdiction to review petitioner’s contention that he is a member of a disfavored group of former Ethiopian government employees and their immediate families of Eritrean ethnicity because he failed to exhaust this claim before the agency. See id.
Petitioner contends that he suffered past persecution based on the actions and threats he experienced, and by those experienced by his mother, siblings, aunts and uncles. Substantial evidence supports the agency’s determination that these harms do not rise to the level of past persecution. See Nagoulko, 333 F.3d at 1016-18. Substantial evidence also supports the agency’s conclusion that petitioner is not eligible for asylum because he failed to show that he will be persecuted on account of an imputed political opinion. See Sangha v. *994 INS, 103 F.3d 1482, 1491 (9th Cir.1997). Finally, contrary to petitioner’s assertion, the record before us does not demonstrate that there is a pattern or practice of persecution in Eritrea against Eritreans suspected of being sympathetic towards Ethiopia. See Lolong v. Gonzales, 484 F.3d 1173, 1180-81 (9th Cir.2007) (en banc).
Because petitioner did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).
' Finally, substantial evidence supports the agency’s denial of CAT relief because petitioner failed to establish that it is more likely than not that he would be tortured if returned to Eritrea. See Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.