**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MEDHANIE TECLE GHEBRESILLASIE, | No.   14-73427 |
| Petitioner, | Agency No. A075-261-317 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 8, 2018
Seattle, Washington

Before:  FISHER, GOULD, and PAEZ, Circuit Judges.

Medhanie Tecle Ghebresillasie, a native and citizen of Eritrea, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen as untimely.  Because the BIA abused its discretion in concluding

that Ghebresillasie did not present sufficient evidence of changed country

conditions to establish his prima facie eligibility for asylum, withholding of

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

removal, and relief under the Convention Against Torture ("CAT"), we grant the petition.

Ghebresillasie and his mother, M.G., left Eritrea for the United States in 1995, when Ghebresillasie was ten years old. In 1996, M.G. submitted an application for asylum and withholding of removal, listing Ghebresillasie as a minor derivative. In 2004, Ghebresillasie submitted his own application for relief but continued to rely on the evidence submitted in support of his mother's application. In October 2004, the immigration judge ("IJ") held a hearing and denied both applications, but granted M.G. adjustment of status on the basis of an immigrant petition filed by her daughter, a United States citizen. The BIA affirmed and adopted the IJ's decision in relevant part, and we dismissed in part and denied in part Ghebresillasie's petition for review. *Ghebresillasie v. Holder*, 313 F. App'x 992, 993–94 (9th Cir. 2009). On August 4, 2014, Ghebresillasie filed a motion to reopen his immigration proceeding on the basis of changed country conditions and to stay removal. The BIA denied the motion, and Ghebresillasie timely filed a petition for review.

"We review the BIA's denial of a motion to reopen for an abuse of discretion." *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017). "[T]he BIA abuses its discretion when its denial is 'arbitrary, irrational, or contrary to law.'" *Id.* (quoting *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002)). "In

2

considering a motion to reopen, the BIA must accept as true the facts asserted by the petitioner, unless they are 'inherently unbelievable.'" *Id.* (quoting *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991)).

Generally, an undocumented immigrant must file a motion to reopen within ninety days of the final administrative removal order. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). The ninety-day deadline, however, does not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014) (holding "that the procedural requirements specified in 8 C.F.R. § 1003.2(c) apply to CAT claims"). "[I]n order for evidence to be 'material,' 'not available,' and not able to have 'been discovered or presented at the previous hearing,' it must be 'qualitatively different' from the evidence presented at the previous hearing." *Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010) (quoting *Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004)). The undocumented immigrant must "demonstrate that the new evidence, when considered together with the evidence presented at the original hearing, would establish prima facie eligibility for the relief sought." *Agonafer*, 859 F.3d at 1204 (quoting *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008)).

3

Ghebresillasie's motion to reopen is supported by qualitatively different evidence of circumstances in Eritrea from the evidence presented at his October 2004 hearing, and is sufficient to establish his prima facie eligibility for relief. Ghebresillasie submitted an expert declaration stating that "the human rights situation in Eritrea has badly deteriorated since 2006," specifically through "increasing human rights violations of people and groups deemed to question the regime's authority" and "targeting [of] individuals who have not completed military service or who have lived outside and been exposed to alternative ideas." The expert supported his opinion with articles and reports describing the persecution and torture of perceived political opponents, including of persons who had failed to participate in the country's compulsory military service. The expert further opined that in light of the change in country conditions, if returned to Eritrea, Ghebresillasie may be arrested and tortured for reasons relating to his failure to participate in Eritrea's compulsory military service for over a decade; his having lived outside Eritrea since the age of ten; his lack of fluency in Tigrinya; his lack of family remaining in Eritrea; and his mother's connections to the former Ethiopian government.

Ghebresillasie also submitted a 2013 State Department Report on Human Rights Practices in Eritrea (the "2013 Report") in support of his motion to reopen. Although the 2013 Report describes some of the same country conditions found in

4

the 2003 State Department Report on Human Rights Practices in Eritrea (the "2003 Report"), which was submitted at the time of Ghebresillasie's initial hearing, there are also material differences between the reports. For example, whereas the 2003 Report stated that "[t]here were no reports of political prisoners," the 2013 Report cited a report "that the government held at least ten thousand suspected political prisoners," including "persons suspected of not completing national service or evading militia practice." This change is particularly relevant given the reports' descriptions of torture, beatings, and inhumane conditions in prison, and particularly harsh conditions for persons perceived as evading military service. Thus, the Expert Declaration and 2013 Report demonstrate a qualitative change in circumstances in Eritrea since October 2004.

Finally, the evidence supporting the motion to reopen is sufficient to establish Ghebresillasie's prima facie eligibility for asylum, withholding of removal, and CAT relief. Ghebresillasie's arguments relating to his failure to enlist in compulsory military service, outsider status, and family connections to Ethiopia are cognizable as a claim that the Eritrean government has a pattern or practice of persecuting individuals like him on account of an imputed political opinion against the government.[1] *See, e.g.*, *Navas v. INS*, 217 F.3d 646, 657 (9th

_____

[1] Such a claim need not be supported by the "same type of individualized relevancy," *Najmabadi*, 597 F.3d at 989, that was present in *Malty* and lacking in *Najmabadi*. *See* 8 C.F.R. § 1208.13(b)(2)(iii); *Wakkary v. Holder*, 558 F.3d 1049,

5

Cir. 2000); *Canas-Segovia v. INS*, 970 F.2d 599, 601–02 (9th Cir. 1992).[2]  We conclude that there is a reasonable likelihood that Ghebresillasie will be able to demonstrate that it is more likely than not that he will be persecuted on account of an imputed political opinion and tortured if returned to Eritrea.  Thus, with regard to asylum, there is also a reasonable likelihood that Ghebresillasie will be able to demonstrate a well-founded fear of persecution on account of an imputed political opinion.  *See Wakkary v. Holder*, 558 F.3d 1049, 1052 (9th Cir. 2009) ("Even a ten percent chance of future persecution may establish a well-founded fear.").  Accordingly, we grant the petition and remand with instructions to grant Ghebresillasie's motion to reopen.[3]

**PETITION GRANTED; REMANDED WITH INSTRUCTIONS.**

---

1060 (9th Cir. 2009).  Likewise, in the CAT context, evidence of torture against a class of persons satisfies the "individualized relevancy" requirement where the petitioner demonstrates that he is a member of that class such that he is more likely than not to be tortured if deported.  *See Agonafer*, 859 F.3d at 1206.

[2] In *Canas-Segovia*, we adopted the holding in our vacated decision in *Canas-Segovia v. INS*, 902 F.2d 717 (9th Cir. 1990), *cert. granted, judgment vacated*, 502 U.S. 1086 (1992), with regard to imputed political opinion.  970 F.2d at 602.

[3] We previously dismissed Ghebresillasie's initial petition for review as to his claim of persecution on account of membership in a disfavored social group because he failed to exhaust his administrative remedies as to that claim.  *Ghebresillasie*, 313 F. App'x at 993.  Ghebresillasie may raise such a claim before the agency upon the reopening of proceedings.

6